IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SULEYMA DEL CARMEN GUEVARA, §
et al., §
 §
        Plaintiffs, §
 § Civil Action No. 3:20-CV-0022-D
VS. §
 §
UNITED STATES OF AMERICA, §
 §
        Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs Suleyma Del Carmen Guevara and Jayme Marisol Escobar, individually and as next friend of K.A.E., a minor, sued Amanda Reid ("Reid"), a United States Postal Service ("USPS") employee, and Eric Quinn ("Quinn") in Dallas county court arising from a vehicular collision. Defendant United States of America (the "government") substituted itself as the defendant pursuant to a Westfall Act[1] certification, removed the suit to this court, and now moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on the doctrine of derivative jurisdiction. Plaintiffs request leave to amend. For the reasons explained, the court grants the government's motion, denies plaintiffs' request for leave to amend, and dismisses this action without prejudice for lack of subject matter jurisdiction.

---

[1] *I.e.*, the Federal Employees Liability Reform and Tort Compensation Act of 1988.

I

This is plaintiffs' second attempt to file suit in Dallas county court based on the same alleged facts. Plaintiffs filed their first suit in Dallas county court in 2018 against Reid, Quinn, and USPS. Similarly to the instant suit, the government substituted itself in place of Reid pursuant to a Westfall Act certification, removed the case to this court, and moved to dismiss under Rule 12(b)(1), asserting a lack of subject matter jurisdiction under, *inter alia*, the doctrine of derivative jurisdiction. Judge Cummings granted the government's motion after plaintiffs failed to respond.

Several months later, in 2019, plaintiffs again filed suit in Dallas county court, this time against Reid and Quinn. They alleged that Quinn negligently entrusted a vehicle to Reid, and that Reid negligently collided with plaintiffs' automobile. The Office of the United States Attorney for the Northern District of Texas filed a Westfall Act certification that Reid was acting within the scope of her employment as a government employee at the time of the collision. Pursuant to this certification, the government was substituted as the defendant in the case. The government then removed the case to this court under 28 U.S.C. § 2679(d)(2) and filed a motion to dismiss based on lack of subject matter jurisdiction.

Before the motion was decided, plaintiffs amended their complaint. In their amended complaint, plaintiffs abandon their previously-asserted state-law claims against Reid and Quinn, name the government as the sole defendant, and clarify that the "case is brought pursuant to the [Federal Tort Claims Act ("FTCA")] 28 U.S.C. §§ 1346(b) and 2679(d)[], which are the basis for this [c]ourt's jurisdiction, as [p]laintiffs' claims herein are tort

claims." Am. Compl. 1. Plaintiffs also assert a fraud claim on the basis that "Eric Quinn is a fictitious name which the [USPS] . . . made up to register that vehicle." *Id.* at 3. They allege that registration under a fictitious name "is a criminal act in Texas and . . . was clearly intended to deceive and/or mislead others regarding the ownership of that vehicle." *Id.* at 3.

The government now moves to dismiss the amended complaint. Plaintiffs oppose the motion as to their FTCA claim, abandon their fraud claim, and seek leave to amend to add constitutional tort claims in lieu of their fraud claim.

II

The court turns first to the government's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citation omitted) (citing *Paterson*, 644

F.2d at 523). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

B

The government contends that the court lacks subject matter jurisdiction under the doctrine of derivative jurisdiction. According to the government, the FTCA is the exclusive means for recovering money damages against the United States in tort, and the federal district courts have exclusive jurisdiction over such claims. Because plaintiffs filed claims falling within the ambit of the FTCA in county court, which had no jurisdiction over those claims, the government maintains that this court now has no jurisdiction over them post-removal.

Relying on a case from the Southern District of Texas, plaintiffs respond that a proper removal "pursuant to 28 U.S.C. § 1442, . . . vests the court with an independent source of jurisdiction regardless of whether the suit might have been filed in federal court originally," and that they "may amend [their] complaint to include claims not otherwise assertable in state court." Ps. Resp. 3 (quoting *Pavlov v. Parsons*, 574 F. Supp 393, 396-97 (S.D. Tex. 1983)). They further contend that because their amended complaint demonstrates that their claims against the United States are based solely on the FTCA, not Texas common law torts, "sovereign immunity does not bar [their] claim for monetary relief against [the government]." *Id.* at 3 (internal quotation marks omitted).

The government replies that the court lacks subject matter jurisdiction for plaintiffs'

vehicular-negligence claims because plaintiffs specifically pleaded in their county court petition that Reid, a government employee, committed a negligent act within the scope of her employment, and therefore the county court lacked subject matter jurisdiction over those claims pursuant to the FTCA. The government also posits that this jurisdictional defect is not cured by removal to federal court or subsequent amendments to the complaint, and it points out that the primary case on which plaintiffs rely was decided before the Westfall Act was enacted, which now provides absolute immunity to federal employees against common-law tort claims.

C

The court concludes that the doctrine of derivative jurisdiction mandates dismissal of this case for lack of subject matter jurisdiction. "The derivative jurisdiction doctrine maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). Thus "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Id.* (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). Although Congress abrogated the doctrine of derivative jurisdiction with respect to removals under 28 U.S.C. § 1441, "the doctrine . . . continues to apply to cases removed pursuant to other statutes[.]" *Id.* at 351.

As in *Lopez*, "[b]y its terms the derivative jurisdiction doctrine applies to this case." *Id.* Under the doctrine of sovereign immunity, plaintiffs cannot sue the government without

its permission. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Maibie v. United States*, 2008 WL 4488982, at *3 (N.D. Tex. Oct. 7, 2008) (Fitzwater, C.J.). Absent such consent, any suit brought against the United States must be dismissed for lack of subject matter jurisdiction. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The FTCA waives immunity for any

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The remedy under the FTCA "for injury or loss of property, or personal injury . . . resulting from the negligent . . . act . . . of any employee of the Government while acing within the scope of his . . . employment is exclusive of any other civil action[.]" 28 U.S.C. § 2679(b)(1); *see also In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006) ("Congress provided, in the FTCA, an exclusive vehicle for the assertion of tort claims for damages against the federal government."). And the FTCA "grants *exclusive jurisdiction* over such claims to *federal courts* in 28 U.S.C. § 1346(b)(1)." *Lopez*, 749 F.3d at 351 (emphasis added). In other words, county courts have no jurisdiction to adjudicate FTCA claims. Thus where these claims are filed first in county court (a court that lacks jurisdiction to adjudicate such claims), the federal court to which the case is removed likewise lacks jurisdiction. *See id.* at 350 (explaining that in the removal context the jurisdiction of the federal court is derived from the state court's jurisdiction); *see also Tave v. United States,* 2016 WL 2977277, at *1 (N.D. Tex. May 19, 2016) (McBryde, J.)

("[T]he state court did not have jurisdiction over plaintiff's claim, 28 U.S.C. § 1346(b)(1), and this court does not have derivative jurisdiction.").

Here, plaintiffs' claims clearly fall within the ambit of the FTCA. In their county court original petition, plaintiffs asserted state-law negligence claims against Reid and Quinn and explicitly alleged that "Defendant Reid was . . . acting within the scope of her employment by Defendant USPS." Ps. Pet. 3. As such, the claims could only have been pursued under the FTCA. *See Colonial Cty. Mut. Ins. Co. v. United States*, 2015 WL 7454698, at *2 (W.D. Tex. Nov. 23, 2015) ("Because [plaintiff] alleges . . . [an injury] by a federal government employee acting within the scope of her employment on behalf of USPS, [plaintiff] must proceed with this action under the FTCA.").[2] Because the county court

---

[2]Even if plaintiffs had not pleaded that Reid was acting within the scope of her employment, the case would still fall within the purview of the FTCA because "[p]ursuant to the Westfall Act, upon substitution, the case fell under the Federal Tort Claims Act[.]" *Counts v. Guevara*, 139 Fed. Appx. 624, 625 (5th Cir. 2005) (per curiam). "When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose[.]'" *West v. Rieth*, 705 Fed. Appx. 211, 213 (5th Cir. 2017) (per curiam) (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-20 (1995)). "Upon certification, the employee is dismissed from the action and the United States is substituted as defendant." *Id.*

Although the court gives no judicial deference to the United States Attorney's findings, *Palmer v. Flaggman*, 93 F.3d 196, 198-99 (5th Cir. 1996), plaintiffs bear the burden of proving that the employee's conduct was not within the scope of his employment, *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995). Either by conceding in their original petition that Reid was operating within the scope of her employment as a USPS employee or by failing to oppose the notice of substitution, plaintiffs have waived any challenge to it and have failed to carry their burden of showing that the certification was erroneous. *See Vander Zee v. Reno*, 100 F.3d 952, 1996 WL 625346, at *3 (5th Cir. Oct. 4, 1996) (unpublished table decision) ("We agree with the district court that having failed to

lacked subject matter jurisdiction over plaintiffs' case, this court (to which the action was removed) likewise lacks subject matter jurisdiction and "has no choice but to dismiss the case." *Id.* (holding that removed case originally filed in state court against USPS employee involving tort claims must be dismissed based on doctrine of derivative jurisdiction); *see also Tave*, 2016 WL 2977277, at *1 (same).

Moreover, plaintiffs' post-removal amendment does not cure the jurisdictional defect. This is because "[t]he jurisdictional facts that support removal must be judged at the time of removal," *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), and "amendment may not create subject matter jurisdiction when none exists." *In re Katrina Canal Breaches Litig.*, 342 Fed. Appx. 928, 931 (5th Cir. 2009) (per curiam); *see also Piacun v. Swift Energy Operating, LLC*, 2010 WL 989183, at *3 (E.D. La. Mar. 15, 2010) (citing *M Tee Enters., Inc. v. Stock Loans Servs., LLC*, 2009 WL 3849437, at *3 (N.D. Tex. Nov. 16, 2009) (Fitzwater, C.J.)) ("[T]he law is clear that post-removal amendments, counterclaims, etc. cannot create jurisdiction where none exists."). Because the county court did not have jurisdiction to hear such claims at the time of removal, this court cannot now acquire jurisdiction by post-removal amendment.

---

oppose the notice of substitution [plaintiff] necessarily waived any challenge to it and failed to carry his burden of showing the certification was erroneous."); *see also Maibie*, 2008 WL 4488982, at *1 (holding that plaintiff waived challenge to substitution).

III

The court now considers plaintiffs' request for leave to amend.

A

Plaintiffs seek leave to amend to add a constitutional tort claim "from the violations of the Constitutional rights to due process . . ., equal protection of the laws . . ., and the right to access courts by Ms. Reid and/or [USPS] having the title to the [USPS] vehicle, which . . . caused their injuries, being registered in a fictitious name." Ps. Resp. 7. The government maintains, *inter alia*, that leave should be denied because the amendment would be futile because sovereign immunity has not been waived for a constitutional tort claim.

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." But granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, the court may consider such factors as futility of amendment. *Id.* (citing cases).

The court concludes that the requested amendment would be futile based on similar grounds to that which it is following in granting the government's motion to dismiss: the court would still lack subject matter jurisdiction. This is because "while a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, . . . an amendment may not remedy a jurisdictional defect by asserting a [new] cause of action to serve as a statutory basis for federal question jurisdiction." *Katrina Canal Breaches Litig.*, 342 Fed. Appx. at 931. Thus even if plaintiffs amended their complaint to assert claims over which this court

would have subject matter jurisdiction had they been originally filed in this court, such claims cannot now "create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case ab initio." *Id.*

B

Even assuming *arguendo* that amendment could cure the jurisdictional defect in this case, to the extent plaintiffs seek to assert "constitutional tort claims" against the United States,[3] such an amendment would also be futile. This is because "[c]onstitutional torts, of course, do not provide a proper predicate for an FTCA claim." *Spotts v. United States*, 613 F.3d 559, 565 n.3 (5th Cir. 2010) (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)). In other words, "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Meyer*, 510 U.S. at 478; *see also Chichakli v. United States*, 2019 WL 7403955, at *6 (N.D. Tex. Dec. 18, 2019) (Rutherford, J.) ("This Court lacks jurisdiction over Plaintiff's constitutional tort claims because the United States has not waived sovereign immunity with respect to them"), *rec. adopted*, 2020 WL 30374 (N.D. Tex. Jan. 2, 2020) (Cummings, J.).

Thus although it is the "court's almost unvarying practice . . . when futility is raised

---

[3]To the extent plaintiffs seek leave to join Reid as a party and assert a *Bivens* claim against her, leave must still be denied because, as explained, the court does not have subject matter jurisdiction over this removed action, and this new cause of action does not cure the jurisdictional defect. *See Katrina Canal Breaches Litig.*, 342 Fed. Appx. at 931 (quoting *United States v. U.S. Fid. & Guar. Co.*, 959 F. Supp. 345, 347 (E.D. La. 1996)) ("[W]hen a federal court lacks jurisdiction over the original complaint, as is the instant situation, the Federal Rules of Procedure do not allow the addition of a new party [or a new cause of action] to create jurisdiction.").

to address the merits of the claim in the context of a Rule 12(b)(6) or a Rule 56 motion," *Basic Capital Management, Inc. v. Dynex Capital, Inc.*, 2019 WL 329545, at *9 (N.D. Tex. Jan. 25, 2019) (Fitzwater, J.), the court concludes that amendment in this case would be futile because sovereign immunity clearly bars the plaintiffs' proposed amendment. *See, e.g., Edmiston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 408 (5th Cir. 2019) (upholding denial of leave to amend where defendants were immune from suit).

The court therefore denies plaintiffs' request for leave to amend.

\* \* \*

Accordingly, the court grants the government's motion to dismiss, denies plaintiffs' request for leave to amend, and dismisses this action without prejudice by judgment filed today.

**SO ORDERED**.

March 31, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE